Nathan Appledorn

3900 Tepee St.

Apt 10

Gillette, Wy 82718

Phone: (307) 298-7596

Email: natel.appledorn@gmail.com

FILED

11:13 am, 5/25/23

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

NATHAN APPLEDORN,

Plaintiff,

v.                                                              Case No: 23-cv-93-SWS

MARGEE ROBERTSON, in her official capacity as Director of Special Education;

SHELLEY HAMEL, in her official capacity as Chief Academic Officer;

MEGAN DEGENFELDER, in her official capacity as State Superintendent of Public Instruction;

LESLIE BECHTEL VAN ORMAN, in her official capacity as Program Manager for Vision Outreach Services,

Defendants.

## Introduction

Plaintiff, Nathan Appledorn, appearing pro se, brings this action against the Defendants, Margee Robertson (Director of Special Education), Shelley Hamel (Chief Academic Officer), Megan Degenfelder (State Superintendent of Public Instruction), and Leslie Bechtel Van Orman (Program Manager for Vision Outreach Services). Plaintiff seeks redress for the persistent denial of essential blindness rehabilitation services by the Wyoming Department of Education. Despite Plaintiff's genuine need for assistance and training, the Defendants have consistently disregarded Plaintiff's legitimate needs, asserting that Plaintiff's existing skills are sufficient without conducting proper assessments to determine the extent of their need for services.

This complaint arises from Defendants' persistent refusal to acknowledge and address Plaintiff's legitimate need for blindness rehabilitation services, which has significantly hindered Plaintiff's ability to lead an independent and fulfilling life. By denying the Plaintiff access to these crucial services, Defendants have impeded his full participation in society and deprived him of the opportunity to develop the necessary skills for self-sufficiency.

The plaintiff has diligently sought resolution through informal complaints, direct communication with representatives of the Wyoming Department of Education, and engagement with other entities involved in the provision of rehabilitation services. Despite these efforts, the Defendants

have consistently denied Plaintiff's rightful access to necessary assistance and training, demonstrating a clear unwillingness to fulfill their obligation.

The consequences of Defendants' actions have been severe, intentionally depriving the Plaintiff of support for everyday activities, educational advancement, employment prospects, and meaningful social interactions. This denial of blindness rehabilitation services has not only caused immediate harm but also perpetuated a cycle of dependency and limited opportunities, hindering the plaintiff's overall well-being and potential for personal growth.

The persistent denial of these services by the defendant, coupled with their dismissive attitude, demonstrates an unwillingness to fulfill their obligation to provide necessary assistance and training. Furthermore, the Wyoming Department of Education's failure to provide a formal complaint process exacerbates Plaintiff's situation, leaving him without a viable avenue for resolution within the state system.

The plaintiff, appearing pro se, seeks relief before this federal district court to rectify the denial of access to blindness rehabilitation services and to compel Defendants to fulfill their obligation to provide necessary assistance and training. The plaintiff also intends to present correspondence between himself and representatives of the Wyoming Department of Education this correspondence will not only highlight the indifference displayed by the Wyoming Department of Education but also demonstrate Plaintiff's sincere efforts to seek a resolution to the denial of blindness rehabilitation services.

Additionally, the plaintiff plans to utilize Defendants' correspondence with other agencies to demonstrate their intentional misleading of others. The plaintiff also asserts that further investigation is likely to uncover additional information that supports their position.

It is important to note that the claims made by the Plaintiff pertain solely to Margee Robertson (Director of Special Education), Shelley Hamel (Chief Academic Officer), Megan Degenfelder (State Superintendent of Public Instruction), and Leslie Bechtel Van Orman (Program Manager for Vision Outreach Services) in their official capacity as employees of the Wyoming Department of Education, acting within the scope of their duties.

## Jurisdiction & Venue

Jurisdiction

This action is brought under the jurisdiction of the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1331, as it involves a federal question related to the provision of blindness rehabilitation services. The claim asserts the Plaintiff's right to access these services, which are crucial for their effective participation in society and full engagement in public life.

The denial of necessary blindness rehabilitation services severely hampers the Plaintiff's ability to integrate into society and access the same opportunities available to others. The provision of such services is an integral part of enabling the Plaintiff to achieve independent living and actively participate in their community.

Additionally, the Wyoming Department of Workforce Services Division of Vocational Rehabilitation relies on the Wyoming Department of Education to provide blindness services to its consumers. This interdependence raises concerns under the Rehabilitation Act of 1973, which

prohibits discrimination against individuals with disabilities in programs receiving federal financial assistance.

By initiating this claim in the federal district court, the Plaintiff seeks to address the denial of access to these blindness rehabilitation services, which may potentially involve violations of the Rehabilitation Act. Given the significance of this matter and the potential federal implications, it is appropriate for the federal court to exercise jurisdiction and provide a fair and impartial forum for the resolution of this case.

By bringing this claim before the federal district court, the Plaintiff seeks to address the denial of access to these blindness rehabilitation services, which may implicate potential violations of the Rehabilitation Act. Given the significance of this matter and the potential federal implications, the federal court's jurisdiction is warranted to provide a fair and impartial forum for the resolution of this case.

Venue

Venue is proper in the District of Wyoming pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to the claim occurred within this district. The Wyoming Department of Education's Vision Outreach services, being the sole entity providing blindness rehabilitation services in the state, is located within this district.

Furthermore, the Plaintiff recognizes that under normal circumstances, the state court system may have jurisdiction over this matter. However, due to the Plaintiff's disability, specifically the inability to access and navigate the state court system, filing in the State court is impractical and would result in significant challenges. The Plaintiff has made sincere efforts to seek accommodations within the State court system, but regrettably, they are unable to accommodate

the Plaintiff's disability effectively. Therefore, filing in the federal district court is necessary to ensure access to justice and protection of the Plaintiff's rights.

It is important to note that this rationale is based on the Plaintiff's specific situation, disregarding the possibility of a federal question that may also warrant federal court jurisdiction.

Additionally, the Plaintiff requests that this Court retain jurisdiction over this matter for the entirety of the proceedings, including any subsequent appeals, in the interest of judicial efficiency and convenience to all parties involved.

## Background

1. Since 2017, the Plaintiff has been persistently seeking blindness rehabilitation services from the Wyoming Department of Education. Despite their genuine need for assistance and training, the Defendants have consistently claimed that the Plaintiff's existing skills were sufficient and that no one possessed better skills than the Plaintiff, thereby implying that they did not require any further assistance or training

2. Since 2017, the Wyoming Department of Education intentionally misled the Wyoming Department of Workforce Services Division of Vocational Rehabilitation by falsely indicating that the Plaintiff was receiving services and possessed exceptional skills. This deliberate misrepresentation, dating back to 2017, created a false perception that the Plaintiff had adequate skills and did not require further assistance or training. As a result, the Plaintiff was intentionally denied the blindness rehabilitation services they genuinely needed, further exacerbating their situation and hindering their ability to participate in society.

3.     The Defendants have consistently claimed that the Plaintiff's existing skills were sufficient and that no one possessed better skills than the Plaintiff, thereby implying that they did not require any further assistance or training.

To the Plaintiff's knowledge and based on information obtained in their case file, no assessments have been conducted by the Wyoming Department of Education to evaluate the Plaintiff's blindness skills or determine the extent of their need for services. The Defendants' unsubstantiated claim that the Plaintiff's skills where adequate raises serious concerns about their refusal to acknowledge the Plaintiff's legitimate need for essential blindness rehabilitation services.

4.     In 2022, in an effort to address the denial of necessary services, the Plaintiff received assistance from the Wyoming Department of Workforce Services: Division of Vocational Rehabilitation and the Montgomery Trust Fund to attend a nine-month training program at a recognized facility. The program encompassed a one-month comprehensive assessment phase to evaluate the Plaintiff's blindness skills, followed by three months of intensive training. However, due to funding limitations and a belief by Workforce Services that three months of training would be sufficient, the Plaintiff was only able to attend and receive training for the initial three-month period.

5.     The assessment conducted during this program unequivocally demonstrated the Plaintiff's inadequate blindness skills and substantiated the urgent need for comprehensive services and training.

6.     Prior to filing this complaint, the Plaintiff diligently attempted to resolve the ongoing & historic denial of access to blindness rehabilitation services by approaching the Wyoming

Department of Education. Recognizing the importance of obtaining appropriate services and training, the Plaintiff sought assistance and accommodation from the Defendants. However, their requests were repeatedly dismissed without due consideration. In July of 2022, the Plaintiff reached out to Margee Robertson, a representative of the Wyoming Department of Education, seeking resolution. In response, the Plaintiff was simply instructed to seek services elsewhere, with no meaningful opportunity for dialogue or redress.

7. In July 2022, the Wyoming Department of Education attempted to shift the responsibility for providing blindness rehabilitation services to the Plaintiff. Without a formal release or authorization, they unilaterally informed the Wyoming Department of Workforce Services Division of Vocational Rehabilitation that they would no longer be directly providing the necessary services to the Plaintiff. Instead, they stated their intention to "support" the Division of Vocational Rehabilitation but withheld any commitment to providing services directly to the Plaintiff. Additionally, the Wyoming Department of Education's case note documents the meeting where this communication took place.

8. In July of 2022, the Plaintiff escalated their informal complaint to Shelly Hammel, a representative of the Wyoming Department of Education. In response, the Plaintiff was met with a dismissive attitude as they were told that "no further action is required." In a subsequent phone conversation, Shelly Hammel explicitly stated that if the Plaintiff wished to receive services, they should leave the state and move elsewhere. This dismissive attitude and lack of willingness to address the denial of these services further underscored the Defendants' disregard for the Plaintiff's legitimate needs.

9. Prior to leaving office, former Superintendent Bryan Schroder made efforts to arrange a meeting to discuss the Plaintiff's case and seek a resolution. However, it is evident that the

Defendants did not demonstrate a willingness to participate in this meeting or engage in meaningful dialogue to address the denial of services. This disregard for an opportunity to address the concerns raised further highlights the Defendants' lack of commitment to rectifying the situation.

10. In January, the Plaintiff received a letter from the legal counsel representing the Wyoming Department of Education. The letter, rather than refuting the Plaintiff's actual eligibility for blindness rehabilitation services, stated that they do not require them. However, it is important to note that the letter fails to provide any substantive assessment or evaluation to support this claim. The absence of a thorough assessment raises concerns about the Defendants' decision-making process and their refusal to acknowledge the Plaintiff's legitimate need for blindness rehabilitation services.

11. Furthermore, recognizing the severity of the issue, the Plaintiff also reached out to the Governor's office in an effort to obtain a resolution. Despite these efforts, the Governor's office was unable to secure a satisfactory resolution or compel the Wyoming Department of Education to provide the necessary blindness rehabilitation services.

12. Furthermore, in March, when the Plaintiff reached out to the Wyoming Department of Education regarding their denial of services, they received a troubling response from Linda Finnerty, the Chief Communications Officer. Linda Finnerty's statement mirrored the prior written instructions from both the Wyoming Department of Education and the Wyoming Attorney General's office, explicitly prohibiting direct contact with the department. As a result, the Plaintiff was effectively deprived of any chance for meaningful discussion or resolution.

13. It is critical to note that the Wyoming Department of Education does not provide a formal complaint process to address the denial of services. This absence of a structured mechanism for addressing grievances leaves the Plaintiff without a viable avenue for resolution within the state system.

14. The Plaintiff's diligent efforts to resolve this matter amicably and the Defendants' refusal to provide essential services have significantly hindered the Plaintiff's ability to participate in society and deprived them of the opportunity to acquire vital skills for independent living.

15. The Defendants have consistently adopted a dismissive approach, seemingly believing that by ignoring the Plaintiff, they will simply cease their pursuit of justice. This calculated indifference demonstrates a lack of accountability and a disregard for the Plaintiff's legitimate grievances, further exacerbating the harm caused by the denial of services.

16. Based on the conflicting statements made by both the Wyoming Department of Education and their legal counsel, the Plaintiff chose to err on the side of caution and refrain from directly engaging with Leslie Bechtel Van Orman, the Program Manager for Vision Outreach Services. The Plaintiff recognized the importance of following the instructions provided by the Wyoming Department of Education and their legal counsel, which explicitly stated that all communication should be directed through the WDE legal counsel. This decision was made to ensure compliance and to avoid any potential misinterpretation or misunderstanding that could arise from direct contact with the Program Manager.

17. It is important to highlight that the Plaintiff's decision to refrain from direct engagement with Leslie Bechtel Van Orman was motivated by the desire to avoid further conflict and potential tension. Given that the complaint has been filed against Leslie and her staff, the Plaintiff sought

to maintain a respectful and professional distance to prevent any additional strains in their interactions. Furthermore, the Plaintiff recognized that the issues raised in the complaint have not yet been addressed, and engaging directly with Leslie at this stage could potentially complicate the resolution process. By adhering to the communication protocol outlined by the Wyoming Department of Education and their legal counsel, the Plaintiff aimed to foster a conducive environment for open dialogue and meaningful resolution without adding unnecessary layers of conflict.

Attached to this complaint are documents supporting the Plaintiff's eligibility,,,,,, , as well as their persistent efforts to obtain a resolution to this matter and to hold those accountable for denying the plaintiff access to services over the years.

It is crucial to note that the Defendants have never disputed the Plaintiff's eligibility for these services. Despite this, the Defendants have continuously asserted that the Plaintiff does not need the services, without any substantial evaluation or assessment of the Plaintiff's specific needs.

By filing this complaint before the federal district court, the Plaintiff seeks to rectify the denial of access to essential blindness rehabilitation services and to compel the Defendants to fulfill their obligation to provide necessary assistance and training. The Plaintiff intends to present evidence, including the assessment obtained in South Dakota and the correspondence between myself and Department of Education representatives to substantiate the urgent need for services and training that have been unjustly denied.

## Relief Sought

- Access to essential blindness rehabilitation services as outlined on the Wyoming Department of Education's website. This includes, but is not limited to, comprehensive training, counseling, assistive technology, orientation and mobility instruction, and other necessary services to enhance the Plaintiff's independence and successful reintegration into society.

- The establishment of a formal complaint process within the Wyoming Department of Education specifically designed to address the grievances of blind individuals who are clients of the department. This process should ensure that blind clients have the ability to voice their concerns without fear of retaliation and that their complaints are thoroughly and fairly addressed.

- An injunction to prohibit any retaliatory actions against the Plaintiff for voicing their concerns and seeking resolution regarding the denial of essential services. The Defendants should be restrained from taking any adverse actions, including but not limited to denying services, discriminating, or otherwise retaliating against the Plaintiff based on their advocacy for their rights.

- Reimbursement of court fees and costs incurred by the Plaintiff in pursuing this legal action. The Plaintiff should not be burdened with the financial implications of seeking justice and asserting their rights.

- If the State of Wyoming is unable to provide the necessary blindness rehabilitation services within the state, the Defendants should bear the responsibility and costs associated with relocation and housing assistance for the Plaintiff. This ensures that the Plaintiff has access to the required services and support in a location where such services are available.

•A trial by jury to fairly adjudicate the claims asserted by the Plaintiff. The Plaintiff believes that the complexity and importance of the issues at hand warrant a jury trial to ensure that all relevant facts are considered, and that a just and unbiased decision is reached.

•The establishment of an external oversight mechanism to monitor and ensure that the Wyoming Department of Education is providing necessary services to blind individuals, who are a vulnerable population segment. This oversight entity should have the authority to review the department's actions, evaluate compliance with relevant laws and regulations, and provide necessary guidance and recommendations to safeguard the rights and interests of blind individuals.

•Any additional remedies deemed just and appropriate by the Court to remedy the harm caused by the Defendants' denial of services, their failure to establish a fair and accessible complaint process, and to provide appropriate relief to the Plaintiff.

**Attachments**

1. Vision Outreach Services - Wyoming Department of Education Eligibility Requirements & Services.pdf

•Contains the list of services provided by the Wyoming Department of Education (WDE) and their corresponding eligibility criteria.

2. Excerpt from vr-policy-manual.pdf

•Includes the section on blindness rehabilitation, specifically noting the utilization of community resource partners such as the Wyoming Department of Education (WDE) by the Division of Vocational Rehabilitation (DVR).

3. Letter from the Eye doctor in Rapid City.jpg

•Displays the plaintiff's visual acuity, as provided by Black Hills regional Eye Institute.

4. Correspondence between Department of Education and Vocational Rehabilitation (DVR) case file.pdf

•Contains relevant information from the plaintiff's DVR case file. Please note that the plaintiff believes there may be additional conversations in the case file that have not been provided by the state. The only case file the plaintiff has been provided with dates from 2018.

5. Email sent requesting Policy & Procedures for WDE VOS.pdf

•Presents the plaintiff's email requesting the policies and procedures for the Wyoming Department of Education's Vision Outreach Services (VOS).6.

VOS Procedures.zip

•Includes the requested information regarding policies and procedures for Vision Outreach Services (VOS).

7.

Email between myself and Margee Robertson on February 17, 2023.pd

•Contains Margee Robertson's response, indicating that she has taken steps to address the problem discussed.

8. Assessment from South Dakota Blindness Rehabilitation Program for Appledorn.docx

•Provides the plaintiff's initial evaluation from the South Dakota Blindness Rehabilitation Program.

9. Email between myself and Margee Robertson in July regarding my complaint.pdf

•Contains the Wyoming Department of Education's (WDE) response to the plaintiff's complaint, which includes the plaintiff being advised to seek services elsewhere.

10. Response from Shelley Hamel regarding my escalated complaint.pdf

•Includes the response stating that no further action is required regarding the plaintiff's escalated complaint.

11. Email sent from me to Shelley Hamel on August 28.pdf

•Contains the plaintiff's follow-up email thanking Shelley Hamel for their phone conversation. Please note that Shelley Hamel has not responded to this email or any other emails.

12. Letter from Chad Auer, Deputy Superintendent, on October 3, 2022.pdf

•Presents the response from Deputy Superintendent Chad Auer, stating that no issue ever existed.

13. Email between myself and Mackenzie Williams from late 2022.pdf

•Contains the plaintiff's attempt to resolve the issue with the Wyoming Department of Education's (WDE) legal counsel, Mackenzie Williams. It should be noted that Mr. Williams has been unable to answer the plaintiff's question regarding the mysterious services mentioned.

14. Excerpts from WDE Case file.pdf

•Contains selected conversations that have taken place since the plaintiff filed the complaint. Of note, the WDE mentions to the outgoing superintendent that the plaintiff has not requested services, despite a documented conversation in the case file where the plaintiff requested O&M (Orientation and Mobility) training. Also, please note the meeting between the WDE and Workforce Services, where the WDE states they will only support Workforce Services in their efforts.

15. Appledorn Response Final 20230127 from Wyoming Attorney General's Office.pdf

• Contains the Wyoming Department of Education's (WDE) response, provided through their legal counsel, regarding the services the plaintiff has been requesting. It should be noted that the response appears to be a different way of saying "no" to the plaintiff's requests. Furthermore, it should be emphasized that the plaintiff has only requested services that are explicitly listed by the WDE.

16. Follow-up from myself to Mackenzie Williams regarding their letter from January.pdf

•Includes the plaintiff's response to the Wyoming Department of

Education's (WDE) legal counsel, Mackenzie Williams, regarding the letter received in January.

17.

A more thorough response to Mackenzie Williams in response to the letter sent in January.pdf

•Contains another response from the plaintiff to Mackenzie Williams, offering a more detailed explanation and addressing the points raised in the January letter.

18. Email from the Governor's Office in April.pdf

•Includes an email from the Deputy Chief of Staff at the Governor's Office, stating their inability to assist the plaintiff.

19. Request for change in case manager.pdf

•Contains an email from the plaintiff requesting a reassignment of their case manager due to the ongoing complaint.

20. Email from Chad Auer informing the plaintiff that all communication is to go through the AG's office.pdf

•An email from Chad Auer notifying the plaintiff that all communication should be directed through the Attorney General's office.

21. Email from the Wyoming AG office regarding the plaintiff's ability to communicate with the WDe.pdf

•An email from the Wyoming Attorney General's office informing the plaintiff that they are only permitted to communicate with the AG's office.

22. Termination of Services Letter from Wyoming AG Office.pdf

• A letter from the Wyoming Attorney General's office officially terminating all services provided to the plaintiff.

Respectfully submitted on May 25, 2023.

Nathan Appledorn